**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BOBBY DEAN SMITH, ) | |
| Petitioner, ) | |
| v. ) | Case No. CIV-04-1685-T |
| ) | |
| RANDY PARKER, ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

In this habeas corpus action filed pursuant to 28 U.S.C. § 2254, Petitioner, Bobby Dean Smith, challenges his state court conviction in Case No. CF-2000-1289, District Court of Oklahoma County, State of Oklahoma. Petitioner seeks modification of his sentence based upon favorable amendments to Okla. Stat. tit. 63, § 2-401 which became effective after the date of the commission of the offense for which he was convicted. Respondent has not addressed the merits of the Petition, instead contending the Petition is time barred pursuant to 28 U.S.C. § 2244(d)(1)(A) and moving for dismissal of the Petition [Doc. #9]. Petitioner has responded to the motion [Doc. # 15] and the matter is now at issue. For the reasons set forth below, it is recommended that Respondent's motion be granted and the Petition be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

**Analysis**

With the enactment of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), which took effect on April 24, 1996, Congress "established a one-year period of limitations for habeas petitions." *Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998) (*citing* 28 U.S.C. § 2244(d)(1)). The one-year limitations period generally begins to run from "the date

on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *accord Preston v. Gibson,* 234 F.3d 1118, 1120 (10th Cir. 2000); *Hoggro* 150 F.3d at 1225. The one-year limitations period is tolled, however, for "[t]he time during which a properly filed application for State post-conviction relief . . . is pending," *see* 28 U.S.C. § 2244(d)(2), and may in rare and exceptional circumstances "be subject to equitable tolling." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

Petitioner was convicted in Case No. CF-2000-1289 pursuant to a guilty plea on October 3, 2000, for attempted manufacture of a controlled dangerous substance. *See* Petition [Doc. # 1], ¶¶ 1-3, 6. Petitioner did not attempt to withdraw his plea within the ten-day period provided by Oklahoma law. *See* Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals,* Okla. Stat. tit. 22, Ch. 18 App. (2001) (to appeal from a conviction on a plea of guilty or nolo contendere the defendant must file an application to withdraw the plea within ten days from the date of the pronouncement of the judgment and sentence). Therefore, Petitioner's conviction became final on October 13, 2000, ten days after the pronouncement of his judgment and sentence. *See Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) (petitioner's guilty plea convictions were not appealed and, therefore, became final ten days after entry of the judgment and sentence) (*citing* Okla. Stat. tit. 22, § 1051; Rule 4.2, *Rules of the Oklahoma Court of Criminal Appeal*s)).

Petitioner had until October 13, 2001, within which to timely file a federal habeas petition. *See* 28 U.S.C. § 2244(d); *see also United States v. Hurst*, 322 F.3d 1256 (10th Cir.

2003) (holding that one-year limitation period under § 2244(d)(1) expires on anniversary date of the triggering event). The instant action, filed on December 10, 2004, is untimely pursuant to § 2244(d)(1)(A), absent statutory or equitable tolling.

Before addressing the issues of statutory or equitable tolling, however, the Court must also address whether the Petition would be timely filed if governed by one of the other triggering provisions of § 2244(d)(1). Petitioner's claim for federal habeas relief is premised on a statutory amendment to Okla. Stat. tit. 63, § 2-401.[1]  Thus, arguably, Petitioner may contend that the limitations period is governed by the date on which the factual predicate of his claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

To the extent Petitioner does rely on § 2244(d)(1)(D), it does not operate to render the Petition timely filed. The amendment to Okla. Stat. tit. 63, § 2-401 upon which Petitioner relies as a basis for habeas relief became effective on July 1, 2001. *See* Brief in Support of Motion to Dismiss, Exhibit 1; Okla. Stat. tit. 63, § 2-401 (2001). Assuming Petitioner had one year from the effective date of the amendment to timely file a habeas petition, the one year limitation period expired on July 1, 2002. The Petition, therefore is also untimely filed pursuant to § 2244(d)(1)(D) absent statutory or equitable tolling.[2]

---

[1] The statutory amendment reduces the minimum punishment for certain drug offenses from twenty years to seven years imprisonment.

[2] Petitioner references, without citation, a state court decision, *Blythe v. State*, which he alleges was decided on May 27, 2004. The OCCA addressed this case in its Order Affirming Denial of Post Conviction Relief, *see* Petitioner's Brief in Support [Doc. #3], Exhibit 2, and noted that the
(continued...)

**Statutory Tolling**

The AEDPA includes a tolling provision, 28 U.S.C. § 2244(d)(2), which provides that the one-year limitation period is tolled during the time that a properly filed application for state post-conviction relief is pending. *Habteselassie v. Novak,* 209 F.3d 1208, 1210-11 (10th Cir. 2000). *See also Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999) (the time tolled includes all periods during which a prisoner is attempting to exhaust state post-conviction remedies). Petitioner first sought post-conviction relief on May 6, 2004. *See* Respondent's Motion, Exhibit 2, Docket for Case No. CF-2000-1289 at 38; Exhibit 3, Order Denying Application for Post-Conviction Relief (reciting procedural history). Applying either § 2244(d)(1)(A) or § 2244(d)(1)(D), the application for post-conviction relief was filed after the expiration of the limitations period. Therefore, statutory tolling is not available to Petitioner. *See, e.g., Fisher v. Gibson,* 262 F.3d at 1142-43 ("Fisher's petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after April 24, 1997, the end of the limitations period for convictions, like Fisher's, which became final before the effective date of AEDPA."); *Urias v. Lucero*, No. 01-2352, 2003 WL 359448 (10th Cir. Feb. 19, 2003) (unpublished op.)[3] ("Statutory tolling under § 2244(d)(2) was unavailable to [petitioner]

---

[2](...continued)
district court decision did not constitute "binding precedent." *See id.* at 3. Therefore, the *Blythe* decision does not impact the statute of limitations analysis.

[3]This unpublished opinion is cited for its persuasive value in accordance with 10th Cir. R. 36.3(B).

because he did not engage in state post-conviction proceedings until expiration of the limitations period."). Section 2244(d)(2) therefore does not operate to render the Petition timely filed.[4]

**Equitable Tolling**

The Tenth Circuit limits equitable tolling of the one-year limitations period to "'rare and exceptional' circumstances." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) (*citing Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)). "Equitable tolling is appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct -- or other uncontrollable circumstances -- prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Burger*, 317 F.3d at 1141, *citing Gibson*. But equitable tolling is "only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Giving Petitioner the most generous calculation of the limitations period and applying § 2244(d)(1)(D), Petitioner did not file the instant action until nearly two and one-half years after the expiration of the limitations period.

---

[4] The record also reflects that Petitioner filed a motion for sentence modification on May 17, 2001, which was denied on June 25, 2001. *See* Respondent's Motion, Exhibit 2 at 32-33. Even if this motion fell under the rubric of a post-conviction or other collateral proceeding for purposes of statutory tolling under § 2244(d)(2), the thirty-nine-day period during which this motion would have tolled the limitations period is insufficient to render the Petition timely filed.

In responding to the motion to dismiss, Petitioner has failed to demonstrate any extraordinary circumstances beyond his control that prevented him from timely filing his Petition. He alleges that he currently is unable to respond to the Motion to Dismiss due to inadequate legal resources at the correctional facility where he is incarcerated and due to his "limited learning ability." *See* Response [Doc. #15] at 2. Assuming these allegation to be true, they are insufficient to toll the limitations period as they fail to address the nearly two and one-half year delay between the expiration of the limitations period and filing the Petition in the instant action. In addition, a lack of access to a prison law library or to legal counsel is insufficient grounds for equitable tolling of the limitations period. *See, e.g., Gibson v. Klinger*, 232 F.3d at 808 ("[A] claim of insufficient access to relevant law . . . is not enough to support equitable tolling."); *Marsh*, 223 F.3d at 1220 (delay caused by prison inmate law clerk and law library closures does not justify equitable tolling); *Miller*, 141 F.3d at 978 ("It is not enough [for the petitioner] to say that the [out-of-state] facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."). Moreover, Petitioner's claims do not include allegations of actual innocence. Petitioner, therefore, is not entitled to equitable tolling, *see Marsh*, 223 F.3d at 1220, and the Petition should be denied as time-barred.

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss [Doc. #9] be granted and the Petition be dismissed as untimely.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of this Court by June 7th, 2005. *See* Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all issues referred by the District Judge in this matter and terminates the referral [Doc. #6].

ENTERED this 17th day of May, 2005.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE