# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOBBY DEAN SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-04-1685-T |
| | ) |
| RANDY PARKER, | ) |
| | ) |
| Respondent. | ) |

## ORDER

On December 10, 2004, Petitioner filed his "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 by a Person in State Custody."[1] On December 14, 2004, the matter was referred to United States Magistrate Judge Valerie K. Couch for preliminary review. On January 4, 2005, Respondent filed a motion to dismiss, arguing Petitioner's Petition was not filed in a timely manner. On March 2, 2005, Petitioner filed a response to the motion to dismiss. On May 17, 2005, Judge Couch issued a Report and Recommendation in which she recommended that Petitioner's Petition be dismissed as untimely. Petitioner filed an Objection on May 26, 2005. The matter is at issue.

In the Report and Recommendation, Judge Couch found Petitioner's Petition was untimely as it was not filed within one year of the date on which Petitioner's conviction became final. (Report and Recommendation at 1-2, citing 28 U.S.C. §2244(d)(1).) Specifically, Judge Couch found that Petitioner's state court conviction became final on October 13, 2000, when he failed to move to withdraw his guilty

---

[1] In his "Objection to Report and Recommendation," Petitioner suggests that the Magistrate Judge may have erred by construing his initial pleading as a habeas petition when he filed an "Application for Post-Conviction Relief." (Objection at 1.) However, a review of Petitioner's initial pleading demonstrates that it was, in fact, a habeas petition. (Doc. No. 1.)

plea. (Report and Recommendation at 2.) As Petitioner did not file his Petition until December 10, 2004, he failed to file his Petition in a timely manner. (Report and Recommendation at 3.)

Judge Couch also considered whether Petitioner's Petition could be considered timely under the one-year rule if the one-year period was measured from the date of the amendment 63 O.S. §2-401 on which Petitioner relies. (Report and Recommendation at 3.) As the amendment to the statute upon which Petitioner relies was effective on July 1, 2001, Judge Couch concluded that Petitioner's Petition was not timely filed as it was filed more than one year thereafter.

In addition, Judge Couch concluded the tolling provision, 28 U.S.C. §2244(d)(2), was not applicable as Petitioner's application for post-conviction relief was filed in state court *after* the one-year filing period expired. (Report and Recommendation at 4.) Finally, Judge Couch found that Petitioner was not entitled to equitable tolling of the one-year limitations period as Petitioner "failed to demonstrate any extraordinary circumstances beyond his control that prevented him from timely filing his Petition." (Report and Recommendation at 6.) Thus, Judge Couch concluded Respondent's motion to dismiss should be granted and Petitioner's Petition should be dismissed as untimely. (Report an Recommendation at 7.)

In his objection, Petitioner argues that his application for post-conviction relief was timely filed. (Objection at 1.) Petitioner does not, however, explain how this fact (even if true) would demonstrate that his habeas petition was filed within the time period specified in §2244(d)(1)(A).

Accordingly, upon review of the court file, the Court concludes the Report and Recommendation (Doc. No. 16) should be ADOPTED IN ITS ENTIRETY; Petitioner's objection thereto (Doc. No. 17) should be OVERRULED; and Respondent's motion to dismiss (Doc. No. 9) is GRANTED. Petitioner's

"Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 by a Person in State Custody" (Doc. No. 1) is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 27th day of May, 2005.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE